**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANE DOE, on her own behalf and on behalf of Child 1,<br><br>      Plaintiff - Appellant,<br><br>and<br><br>WE THE PATRIOTS USA, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>VENTURA UNIFIED SCHOOL DISTRICT; ANTONIO CASTRO; ERIK NASARENKO; SARA BRUCKER; TONY THURMOND; ERICA PAN,<br><br>      Defendants - Appellees. | No. 25-6117<br><br>D.C. No.<br>2:25-cv-04659-AB-JC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Argued and Submitted April 17, 2026
Pasadena, California

Before: PAEZ, CALLAHAN, and BUMATAY, Circuit Judges;
Dissent by Judge Bumatay.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Jane Doe ("Doe" or "Plaintiff") appeals the district court's order denying her motion to proceed pseudonymously in her lawsuit on her own behalf and on behalf of her son ("Child 1") against Ventura Unified School District, Antonio Castro, Erik Nasarenko, Sara Brucker, Erica Pan, and Tony Thurmond (collectively, "Defendants"). We have jurisdiction under 28 U.S.C. § 1291 and the collateral order doctrine. *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1065–67 (9th Cir. 2000).

The "normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.,* 596 F.3d 1036, 1042 (9th Cir. 2010). To identify the "special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity," a district court must balance five factors: (1) "the severity of the threatened harm," (2) "the reasonableness of the anonymous party's fears," (3) "the anonymous party's vulnerability to such retaliation," (4) the prejudice to the opposing party, and (5) the public interest. *Advanced Textile,* 214 F.3d at 1068 (internal citations omitted). Reviewing for abuse of discretion, we hold that the district court did not abuse its discretion in denying Doe's motion for pseudonymity. We therefore affirm.[1]

---

[1] The district court properly acknowledged that Federal Rule of Civil Procedure 5.2(a)(3) presumptively requires pseudonymizing the names of children, like Child

1.      To proceed pseudonymously, a "plaintiff must show both (1) a fear of severe harm, *and* (2) that the fear of severe harm is reasonable."  *Kamehameha,* 596 F.3d at 1043.  These are the "two most important factors," *id*., because a plaintiff must establish "a *need* for the cloak of anonymity."  *United States v. Stoterau,* 524 F.3d 988, 1012 (9th Cir. 2008) (emphasis added) (quoting *United States v. Doe*, 488 F.3d 1154, 1156 n.1 (9th Cir. 2007)).

The district court's determination that Doe failed to show she reasonably feared severe harm was not an abuse of discretion.  Doe's interactions with public officials do not establish that the media or community members would retaliate against her in a severe manner, and Doe failed to identify other probative evidence rendering her fears reasonable.  Rather, she expresses concern about what "could" or "probably would" happen.  But bare assertions are insufficient to establish a reasonable fear of severe harm.  *See Kamehameha,* 596 F.3d at 1044.  Likewise, the district court did not abuse its discretion in determining that Doe's fear of "social stigma" does not amount to severe harm.  The prospect of being publicly linked to an unpopular viewpoint alone does not warrant anonymity absent evidence linking disclosure to a severe injury.  *See, e.g., Doe v. Trs. of Indiana Univ.*, 101 F.4th 485, 492 (7th Cir. 2024).

---

1, with only initials "[u]nless the court orders otherwise."  Fed. R. Civ. P. 5.2(a). This appeal only pertains to Doe's pseudonymization.

**2.** The district court did not abuse its discretion in evaluating Doe's vulnerability. The district court properly considered the factors suggesting Doe was particularly vulnerable and those suggesting she was not particularly vulnerable, and reasonably concluded that it was appropriate to give "little weight" to her vulnerability. *See Kamehameha,* 596 F.3d at 1045 (holding that significant vulnerability did not "tip the balance" where the public interest and reasonableness weighed against pseudonymization).[2]

**3.** The district court's determination that anonymization "may" result in prejudice to a Defendant was not based on a clearly erroneous factual finding. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985). Doe had not affirmatively agreed to disclose her identity to all the Defendants and failed to respond to one Defendant's objections to anonymization based on the lack of knowledge of her identity. Therefore, the

---

[2] The dissent argues that the district court erred by failing to analyze Child 1's vulnerability as a factor supporting her own pseudonymity and Doe's privacy interests. Even assuming for argument's sake that Plaintiff properly presented these issues, under our precedents, "fear of severe harm is irrelevant if the plaintiffs do not *reasonably* fear severe harm." *Kamehameha,* 596 F.3d at 1044. As described, Doe failed to identify probative evidence supporting the reasonableness of her fear of severe retaliation. Moreover, after oral argument, Plaintiff's counsel informed the court that Plaintiff and her child do not share the same last name, further attenuating Doe's fear that disclosure of her name would yield severe retaliation against Child 1.

district court's determination that anonymization might prejudice Defendants was not based on a clearly erroneous assessment of the evidence.

**4.** The district court did not abuse its discretion in weighing the public interest factor against pseudonymity. The court properly invoked precedents describing the "paramount importance of open courts," which is the source of the presumption that parties will litigate under their real names. *Kamehameha*, 596 F.3d at 1046. Nor does the fact that the public could scrutinize the legal issues in this case without Plaintiff's identity require that the district court weigh the public interest factor in favor of anonymity. *See Kamehameha,* 596 F.3d at 1043. Moreover, the value of open courts extends beyond permitting public scrutiny of the legal issues in a given case. The public's interest in having justice delivered openly, not "in a corner nor in any covert manner," is heightened in cases involving high-stakes, constitutional issues. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 567 (1980) (plurality opinion) (citation omitted).

For these reasons, we hold that the district court did not abuse its discretion in denying Doe's motion to proceed pseudonymously.

**AFFIRMED.**

FILED

MAY 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Doe, et al. v. Ventura Unified School District, et al.*, No. 25-6117

BUMATAY, Circuit Judge, dissenting:

Because the district court too narrowly considered the factors in whether to grant Jane Doe anonymity, I respectfully dissent.

\*

First, in analyzing "the anonymous party's vulnerability to . . . retaliation," *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000), the district court failed to consider the vulnerability of other individuals affected by the litigation—namely, Jane Doe's minor child. Consideration of vulnerability beyond the plaintiff is a necessary piece of any pseudonymization analysis. As we've noted, one reason to "conceal[] parties' identities [is] to protect . . . nonparties from reprisals." *Id.* at 1070. And that makes sense. Often, "innocent" third parties can't steel themselves for the risk of retaliation because they have no control over the litigation. *See James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). So courts regularly grant anonymity to plaintiffs when "identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties." *Id.*; *see also In re Sealed Case*, 931 F.3d 92, 97 (D.C. Cir. 2019); *Doe ex rel. Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 724 (7th Cir. 2011), *rev'd on other grounds*, 687 F.3d 840, 842–43 (7th Cir. 2012); *Doe v. Massachusetts Inst. Of Tech.*, 46 F.4th 61, 71 (1st Cir. 2022).

1

These concerns are even greater when the litigation involves family members, especially minor children. *See Advanced Textile*, 214 F.3d at 1065, 1070 (discussing fear of reprisals against family members). Courts must recognize "the special, intimate, and loving relationship between parent and child." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1061 (9th Cir. 2018) (Wardlaw, J., concurring). And a child is often more susceptible to harm than an adult. So we must give special attention to concerns that the lack of pseudonymity may harm minor family members. That's why courts commonly "allow parents who are suing on behalf of their minor children to proceed pseudonymously," especially "when the case involves highly personal information about the children." Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353, 1400 (2022); *see id.* at 1427–29 (collecting cases). If we didn't, "the protection afforded to the minor" as a matter of course "would be eviscerated unless the parent was also permitted to proceed using initials." *Id.* at 1400–01 (simplified). We thus shouldn't force parents to choose between pursuing their or children's rights and risk exposing their children to retaliation or harm. The youth of affected individuals, then, is "a significant factor in the matrix of considerations arguing for anonymity." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1045 (9th Cir. 2010) (simplified).

Heightened risk to a minor child is precisely the situation here. Jane Doe is suing on her own behalf and on behalf of her child. This case involves highly

personal information about her child, including his vaccination status and his learning disabilities. Forcing Doe to proceed as a named plaintiff clearly risks all this becoming public. Linking Jane Doe to her child will be easy enough. That Jane Doe does not share a last name with her minor child does not materially affect this analysis. Either way, revealing Jane Doe's identity would make her child's identity open to discovery by people in the community, risking the retaliation or abuse that anonymity seeks to prevent. Because the district court failed to consider Jane Doe's child's vulnerability, it abused its discretion.

*

Second, the district court didn't consider whether pseudonymity should have been granted "to preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile*, 214 F.3d at 1068 (simplified). Jane Doe is challenging California's enforcement of its Compulsory Vaccine Law against her and her child and cites deeply personal—and controversial—religious beliefs as her reason. And "religion is perhaps the quintessentially private matter." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). "[B]y filing suit," Jane Doe has "made revelations about [her] personal beliefs and practices that," under the circumstances, could well "invite[] an opprobrium analogous to the infamy associated with criminal behavior." *Id*. "This suit—challenging a government activity—forces [Jane Doe] to reveal [her] beliefs about a particularly sensitive topic that could subject [her and her family] to

3

considerable harassment." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Indeed, Jane Doe has already faced criminal sanction for seeking to adhere to her faith. Thus, the district court failed to appropriately account for the sensitive nature of this litigation. *See* Volokh, 73 Hastings L.J. at 1413 (showing that anonymity is often granted when there is "a combination of both the plaintiff's religious beliefs and expected public hostility to the specific remedy that the plaintiff is seeking"). Few things in recent times can engender as much public hostility as challenges to vaccine mandates. After all, one of the authors of SB-277, which removed religious exemptions from California's Compulsory Vaccine Law, once posted an article on social media suggesting that "opting out of vaccines should opt you out of American society," while comparing being "willfully unvaccinated" to being a "drunk driver."[1]

*

The majority doesn't disagree that the district court should have analyzed Jane Doe's child's vulnerability but bafflingly asserts that Jane Doe's concerns are unreasonable. This ignores the substance of Jane Doe's complaint. Jane Doe presented probative evidence that her son was excluded from school and that she was targeted for criminal prosecution for her child's truancy. She was explicit that her objection to vaccination was "based upon her deeply held beliefs as a Christian," and that she "view[s] her religious beliefs as essentially a private matter." And more

---

[1] https://perma.cc/PJZ4-N3BN.

than just her experience with Defendants, she reasonably pointed to "prevailing attitudes towards anti-vaxxers" and "the potential implications of her case for the California" public in asserting her fear that unwanted media attention and other negative public attention would cause her son social stigma, harassment, and threats. Publicly filing this lawsuit would also expose her son's private medical information to the public, including his vaccination status and, potentially, his other disabilities. Jane Doe thus credibly presented evidence of real potential harm to her and her child in the form of unwanted attention and stigmatization, which she alleges would exacerbate her son's disability and harm his social development. All this harm to Jane Doe's child—yet Defendants would suffer no prejudice because all but one of them know who she is, and she has offered to disclose her identity to all of them. Nothing is unreasonable about these concerns.

* * *

For these reasons, we should have reversed the denial of pseudonymity. We should have given greater consideration to the risk of harm to Doe's minor child and to the public opprobrium against her deeply personal religious beliefs. I respectfully dissent.

5